IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CONSTANCE BENNETT, | : |
| Plaintiff, | : |
| | : Case No. C2-08-CV-0663 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| BOARD OF EDUCATION OF | : |
| WASHINGTON COUNTY JOINT | : Magistrate Judge McCann King |
| VOCATIONAL SCHOOL DISTRICT, | : |
| Defendant. | : |

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on the following motions: (1) the Defendant's Motion *In Limine* To Exclude Certain Evidence of Plaintiff's Claimed Damages (Doc. 86); (2) the Plaintiff's Motion *In Limine* (Doc. 93); (3) the Plaintiff's Amended Motion *In Limine* to Exclude the Testimony of Certain Fact Witnesses and Exhibits (Doc. 96);[1] and (4) the Defendant's Motion to Bifurcate Punitive Damages from Liability and Compensatory Damages Issues (Doc. 99). For the reasons that follow, the Parties' motions are **GRANTED** in part and **DENIED** in part.

**II. STANDARD OF REVIEW**

Motions *in limine* allow the Court to rule on the admissibility of evidence in advance of trial in order to expedite proceedings and give the parties advance notice of the evidence upon which they may not rely to prove their case. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d. 436, 440 (7th Cir. 1997). To prevail on a motion *in limine*, the moving party must

---

[1]The Court will not discuss the Plaintiff's first Motion to Exclude the Testimony of Certain Fact Witnesses and Exhibits (Doc. 95), as it takes the Plaintiff's Amended Motion as a substitution for her first motion. This motion is accordingly **DENIED** as moot.

show that the evidence is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co* ., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Courts are typically "reluctant to grant broad exclusions of evidence in limine because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Black v. Columbus Pub. Sch* ., No. 2:96-CV-326, 2007 U.S. Dist. LEXIS 68672, at *2 (S.D. Ohio Sept. 17, 2007); *accord Sperberg v. Goodyear Tire & Rubber Co*., 519 F. 2d. 708, 712 (6th Cir. 1975). If the Court does deny a motion *in limine*, however, the Court can reconsider the admissibility of the evidence as the proceedings give context to the pretrial objections. *Black*, 2007 U.S. Dist. LEXIS 68672, at *2.

### III. LAW AND ANALYSIS

#### A. Defendant's Motion *In Limine*

*1. Fees and Costs*

The Defendant first argues that evidence relating to the Plaintiff's claim for attorneys fees and costs is inadmissible at trial for the reasons stated by the Court in its order of August 2, 2011, granting the Defendant's motion to bifurcate (Doc. 89). The Plaintiff concurs, and the Court **GRANTS** the Defendant's motion to exclude evidence relating to the Plaintiff's claim for attorneys fees and costs.

*2. Compensatory and Punitive Damages*

Second, the Defendant argues that all evidence regarding compensatory and punitive damages should be excluded at trial.

The Sixth Circuit has yet to rule on the availability of compensatory or punitive damages for violations of the anti-retaliatory provision of the ADA found in 42 U.S.C. § 12203(a). *See Baker v. Windsor Republic Doors*, 414 F. App'x 764, 779 (6th Cir. 2011) (noting circuit split and declining to address availability of compensatory damages for ADA retaliation claims); *Bennett v. Bd. of Educ*., No. 2:08-CV-663, 2009 U.S. Dist. LEXIS 82760, *17–18 (S.D. Ohio

Sept. 10, 2009) (noting district court split within the Sixth Circuit "as to whether a plaintiff making a claim of retaliation against an employer under the ADA can recover compensatory or punitive damages").

The Fourth, Seventh, and Ninth Circuits have held that compensatory damages and punitive damages are not available for ADA retaliation claims. *See Rhoads v. FDIC*, 94 F. App'x 187, 188 (4th Cir. 2004) (per curiam) (holding that compensatory and punitive damages are unavailable for ADA retaliation claims); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 968 (7th Cir. 2004) ("Compensatory and punitive damages are not available to a plaintiff bringing a claim of retaliation by an employer under the ADA."); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) ("We . . . hold that punitive and compensatory damages are not available for ADA retaliation claims."). *Kramer* is the seminal case on the proper remedies for an ADA retaliation claim. Before *Kramer*, the Second, Eighth and Tenth Circuits had affirmed punitive or compensatory damages awards in retaliation claims without significant discussion. *Salitros v. Chrysler Corp.*, 306 F.3d 562, 574–76 (8th Cir. 2002) (affirming jury award of punitive damages in ADA retaliation case); *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1246 (10th Cir. 1999) (affirming jury award of punitive damages in ADA retaliation case). Since *Kramer*, no Circuit Court has adopted the position that either compensatory or punitive damages are available.

The *Kramer* court began with the proposition that the relevant remedies for a retaliation claim were those prescribed by § 12117. *See Kramer*, 355 F.3d at 964. Such is in fact the case for retaliation claims based on opposition to violation of Title I. *See* 42 U.S.C. § 12203(c). Section 12203(c), however, prescribes three alternate remedies depending upon which title serves as the foundation for the retaliation claim. It states that "[t]he remedies and procedures available under sections 107, 203, and 308 of this Act [42 U.S.C. §§ 12117, 12133, 12188] shall

3

be available to aggrieved persons for violations of subsection (a) and (b), with respect to title I, title II, and title III [42 U.S.C. § 12111 et seq., 12131 et seq., 12181 et seq.], respectively." Thus in a case such as this one based upon opposition to conduct prohibited by Title II,[2] the remedy is contained within § 12133. The *Kramer* analysis is therefore not persuasive in the case *sub judice*.

Section 12133 makes the remedies in the case *sub judice* coextensive with those in Section 505 of the Rehabilitation Act of 1973. *See* 42 U.S.C. § 12133 (citing 29 U.S.C. § 794a). Other circuits have interpreted § 12133 to permit compensatory and punitive damages for Title II claims where the plaintiff makes a showing of discriminatory intent. *See Midgett v. Tri-County Metro. Transp. Dist.,* 254 F.3d 846, 851 (9th Cir. 2001); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) (holding that plaintiff could recover monetary damages under Title II if he can demonstrate that the defendant acted with deliberate indifference and collecting cases from other circuits). In the case *sub judice*, the Plaintiff has alleged—and indeed must prove—discriminatory intent. Thus, in accordance with these cases, the Court **DENIES** the Defendant's motion to exclude of compensatory and punitive damages.

*3. Back Pay*

The Defendant argues that the Plaintiff's claim for back pay should be limited in the following manner: (1) her earnings from her work at Selby General Hospital should be deducted from the award; (2) it should not include pay for the time period after her departure from Selby General Hospital as that departure was voluntary; (3) her earnings from her other employment should be deducted from the award; (4) it should not include pay for the period beginning on January 27, 2010, during which she was not working due to a rotator cuff injury; and (5) it

---

[2]The Court previously ruled at summary judgment that the Plaintiff's Title V retaliation claim was based on her opposition to activities made unlawful in Title II of the ADA. *See Bennett v. Bd. of Educ. Joint Voc. Sch. Dist.*, No. 2:08-CV-663, 2010 U.S. Dist. LEXIS 106033, *15–16 (S.D. Ohio Oct. 4, 2010).

4

should not include the value of lost benefits from January 27, 2010, forward because she was not working during that time due to an unrelated injury.

The Parties are in agreement that a plaintiff has a duty to mitigate her damages by seeking comparable employment with reasonable diligence. *See Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) (citing 42 U.S.C. §2000e-5(g)). On that basis, the Plaintiff concedes that her award of back pay should be reduced by the amount earned at Selby General Hospital and her other employment. This portion of the Defendant's motion is therefore **GRANTED**.

The Plaintiff argues, however, that her termination from Selby General Hospital does not truncate her right to back pay as her departure was not in fact voluntary. This argument is borne out by the evidence: Although the Plaintiff did say that her termination was "mutual," she continued to explain that she was fired for being absent with the flu. This portion of the Defendant's motion is **DENIED**.

Finally, she argues that she is entitled to pay after January 27, 2010, because her injury was related to the Defendant's retaliation. This Court previously excluded evidence of back pay in an ADA retaliation case. *Geiger v. Pfizer, Inc*., No. 2:06-CV-636, 2009 U.S. Dist. LEXIS 34982, *25–27 (S.D. Ohio Apr. 15, 2009) (Marbley, J.). As the Court stated in that case, "[a] plaintiff cannot recover damages for lost wages and benefits for any period of time she is unavailable to work, such as for periods of unrelated injury or disability." *Id.* at 26 (citing *Falls Stamping & Welding v. Int'l Union*, 485 F. Supp. 1097, 1101 (N.D. Ohio 1979); *Hatton v. Ford Motor Co.*, 508 F.Supp. 620 (E.D. Mich. 1981); *Bender v. Salvation Army*, 830 F. Supp. 1454, 1456 (M.D. Fla. 1993); *Sennello v. Reserve Life Ins. Co*., 667 F.Supp. 1498, 1520 (S.D. Fla. 1987); *Ostapowicz v. Johnson Bronze Co*., 541 F.2d 394, 401 (3d Cir. 1976)).

In *Geiger*, the plaintiff's injury was wholly unrelated to her retaliation. The Plaintiff

claims that her rotator cuff injury was causally related to her retaliation claim. Where that is the case, back pay is not tolled. *See*, *e.g.*, *Whatley v. Skaggs Cos.*, 508 F. Supp. 302, 304 n.1(D. Colo. 1981) (holding that where discriminatory termination forced plaintiff into job that caused his injury, plaintiff could recover back pay for the period he was disabled). For the same reason, the Plaintiff argues that her claim for lost benefits after January 27, 2010, should not be tolled. At this time, the Defendant has not sufficiently rebutted the Plaintiff's evidence of causation for the Court to issue a wholesale exclusion of the evidence on the Plaintiff's claim for back pay after January 27, 2010, and this portion of the Defendant's motion is **DENIED**.

*4. Front Pay*

The Defendant argues that the Plaintiff is not entitled to front pay because she did not make a reasonable effort to find other suitable employment. *See Ferrero v. Henderson*, 341 F. Supp. 2d 873, 907 (S.D. Ohio 2004) (holding in ruling after bench trial that plaintiff not entitled to front pay for failure to use "reasonable diligence to find suitable employment"). The Plaintiff argues that there is evidence to support her claim that she exercised reasonable diligence in seeking new employment. The Court concludes that this is a matter for the jury and **DENIES** the Defendant's motion.

**B. Plaintiffs Motions *In Limine***

*1*. Johnson v. Washington Cty. Community Center, *No. 2:08-CV-515*

The Plaintiff requests that any evidence relating to Carrie Johnson's ADA case, which she lost on summary judgment, be excluded from trial. According to the Plaintiff, the decision in that case is not relevant to the questions to be decided in the case *sub judice* because a retaliation plaintiff does not have to prove that "the conduct she opposed actually constituted an ADA violation." *Freilich v. Upper Chesapeake Health*, 313 F.3d 205, 216 (4th Cir. 2002). Moreover, the evidence is unduly prejudicial and should be excluded under Federal Rule of Evidence 403,

6

and the evidence is inadmissible hearsay if offered as evidence that the Plaintiff's claims should also be dismissed.

The Defendant agrees that the evidence is largely irrelevant and states that it has no intention to introduce the prior decision as an exhibit. It argues that it is the Plaintiff's witness and exhibit lists that reveal an intent to introduce evidence relating to Johnson's prior lawsuit and that, if the Plaintiff does so, the Defendant should be entitled to cross-examination on the events in the prior case.

The Court shares the Plaintiff's concern that allowing the introduction of the ruling on summary judgment in the *Johnson* case would usurp the province of the jury. Nevertheless, the Defendant may rely upon this evidence for impeachment. Thus, the Court **DENIES** the Plaintiff's motion, and the Defendant may rely on this evidence for impeachment purposes only.

### 2. Normal Job Duties

The Plaintiff argues that the Defendant should not be allowed to introduce evidence of or to argue that the Plaintiff did not engaged in protected opposition activity because advocating for students with disabilities was part of her job duties. The Plaintiff takes this position because the Court ruled on summary judgment that whether or not such advocacy is part of the Plaintiff's job duties is irrelevant to her retaliation claim (Doc. 80, p.14). The Defendant has no opposition to this request, and the Plaintiff's motion is **GRANTED**.

### 3. Rule 37

The Plaintiff invokes Federal Rule of Civil Procedure37(c)(1) to argue that the Defendant should be prohibited from introducing the following pieces of evidence: (1) the testimonies of (a) Christine Smith, (b) Patricia Love, (c) Emma Otstot, and (d) Karen Metz; and (2) Exhibits 11–20. The Defendant did not identify any of these individuals in its Rule 26(a)(1) initial disclosures or in its response to Plaintiff's interrogatories. These witnesses would testify in

7

regards to the Plaintiff's claim that the Defendant's reason for terminating the Plaintiff—that it was eliminating her position for financial reasons—was pretextual as it merely reassigned her duties to other employees. The first time the Defendants identified these individuals as people with knowledge of the facts in this case was in its list of witnesses for trial. The Plaintiff argues that they should have been identified under Rule 26(a)(1).  Likewise, the Defendant did not identify Exhibits 11–20 until it produced its list of possible trial exhibits.

Under Federal Civil Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The party facing discovery sanctions bears the burden of proving the harmlessness of its violation. *See R.C. Olmstead, Inc. v. CU Interface, L.L.C.*, 606 F.3d 262, 271 (6th Cir. 2010).

The Defendant argues that it is the Plaintiff's burden to prove her *prima facie* case of retaliation and to prove that the Defendant's legitimate, non-discriminatory reason is pretextual. It argues that the evidence Plaintiff seeks to exclude relates to an argument that the Plaintiff did not raise for the first time until summary judgment, long after discovery concluded. In other words, the Defendant is arguing that its failure to produce the evidence at issue is substantially justified. Moreover, it argues that the witness and exhibit disclosures revealing the Defendant's intent to use this evidence were filed more than two months prior to trial, allowing the Plaintiff sufficient time to prepare.

As for the witnesses, the Court deems the Defendant's explanation to be sufficient to warrant denying the Plaintiff's motion. Rule 26 obligated the Defendant to produce the name "of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." The

8

Defendant's defense is that it eliminated the Plaintiff's position for financial reasons. The witnesses at issue do not relate to that defense but only to the rebuttal of that defense and are not within the scope of Rule 26(a)(1). Moreover, information indicating that these witnesses existed arose during discovery, and it was the Plaintiff's obligation to pursue it. Nor did the Plaintiff's interrogatories call for their production. Therefore, the Plaintiff may move for alternative sanctions under Rule 37(c)(1), but the Court **DENIES** her motion to exclude these witnesses from trial.

As for Exhibits 11–17, the Plaintiff asserts that the Defendant has not yet produced these documents to the Plaintiff for review. The Defendant claims generally that the Plaintiff already had these documents in her possession before the close of discovery but does not specifically rebut the Plaintiff's contention that she does not have Exhibits 11–17. To avoid unfair surprise, and because the Defendant cannot show that the use of exhibits not produced until the eve of trial is harmless, the Court **GRANTS** the Plaintiff's motion in this respect.

Finally, the Plaintiff asserts that Exhibits 18–20, staff attendance reports for Roger Bartunek and Constance Bennett and a job screen report for Constance Bennett, should be excluded because the Defendant failed to produce them. The Plaintiff does not assert that she still does not have these documents, convincing the Court that any delay in their production is harmless. The Plaintiff's motion in this regard is **DENIED**.

### C. Defendant's Motion to Bifurcate

The Defendant argues that, if the Court deems compensatory and punitive damages available, the evidence of compensatory damages should be bifurcated from the evidence of punitive damages. It argues that bifurcation is necessary because evidence of punitive damages would be prejudicial and irrelevant to the question of the amount of compensatory damages. For

9

support, it relies on *Geiger*, 2009 U.S. Dist. LEXIS 34982, at *1–3, in which this Court ruled that trial on a claim under Ohio Rev. Code § 4112 should bifurcate punitive from other damages. In *Geiger*, however, the Court merely applied Ohio statutory law. *See id.* at 1–2 (citing Ohio Rev. Code § 2315.21(B)(1)). The Court is under no such obligation to bifurcate this case, and declines to do so on the basis of judicial economy. As the Plaintiff points out, "'federal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because the piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.'" *GE Credit Union v. Nat'l Fire Ins.*, No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085, *5 (S.D. Ohio Sept. 30, 2009) (quoting Wright & Miller, *Federal Practice and Procedure* § 2388, at 474 (2nd ed. 2006)). Thus the Court **DENIES** the Defendant's motion to bifurcate.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motion *In Limine* To Exclude Certain Evidence of Plaintiff's Claimed Damages is **GRANTED** in part and **DENIED** in part (Doc. 86). The Plaintiff shall not introduce evidence relating to her claim for fees and costs, the Plaintiff may introduce evidence of compensatory and punitive damages, the Plaintiff may introduce evidence of the amount of back pay owed minus the amount she earned through other employment, the Plaintiff's back pay claims are not tolled for any period of time, and the Plaintiff may submit evidence regarding her claim for front pay.

The Plaintiff's Motion *In Limine* is **GRANTED** in part and **DENIED** in part (Doc. 93). The Court will not exclude evidence relating to *Johnson v. Washington Cty. Community Center*, No. 2:08 if introduced for impeachment, but the Defendant shall not introduce evidence relating to its previous argument that the Plaintiff's oppositional activities were within the scope of her

job duties.

The Plaintiff's Amended Motion *In Limine* to Exclude the Testimony of Certain Fact Witnesses and Exhibits is **GRANTED** in part and **DENIED** in part (Doc. 96). The Defendant may call Christine Smith, Patricia Love, Emma Otstot, or Karen Metz; the Defendant may introduce Exhibits 18–20; but the Defendant shall not introduce or otherwise rely on Exhibits 11–17. The Plaintiff's first Motion *In Limine* to Exclude the Testimony of Certain Fact Witnesses and Exhibits is **DENIED** as moot (Doc. 95).

The Defendant's Motion to Bifurcate Punitive Damages from Liability and Compensatory Damages Issues is **DENIED** (Doc. 99).

**IT IS SO ORDERED.**


                                            **s/Algenon L. Marbley**
                                            **ALGENON L. MARBLEY**
                                            **United States District Court Judge**

**DATED:** October 7, 2011